## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **VALERIE CASTRO** | : | **CIVIL ACTION NO.** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **CHOICE MOTOR CAR, LLC** | : | |
| **and SENSIBLE AUTO LENDING, LLC** | : | |
| **Defendants** | : | **DECEMBER 21, 2018** |

## COMPLAINT

## I.       INTRODUCTION AND JURSDICTIONAL ALLEGATIONS

1. This is a suit brought by a consumer against Choice Motor Car, LLC for violations of the Truth in Lending Act ("TILA") 15 U.S.C. §§ 1601 *et seq.*, and for pendent state law claims under Article 2 of the Connecticut Uniform Commercial Code, Conn. Gen. Stat. §§ 42a-2-101 *et seq.*, the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§ 42-110a *et seq.*, and the Connecticut Retail Installment Sales Finance Act ("RISFA"), Conn. Gen. Stat. 36a-770 *et seq.*  Plaintiff alleges breach of express warranty, breach of the implied warranty of merchantability, fraudulent misrepresentation, and negligent misrepresentation against Choice Motor Car.  Plaintiff also has claims against Sensible Auto Lending, LLC, the holder of the retail installment contract.

2. Plaintiff, Valerie Castro ("Plaintiff") is a natural person residing in Bristol, Connecticut.

3. Choice Motor Car, LLC ("Choice Motor") is a Connecticut limited liability company that operates an automobile dealership in Plainville, Connecticut.

4. Sensible Auto Lending, LLC ("Sensible") is a Connecticut limited liability company with a principal office in Danbury, Connecticut, and is a sales finance company that accepts assignment of retail installment contracts from Connecticut car dealerships.

1

5. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1640(e) and 28 U.S.C. § 1331. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1376

6. This Court has jurisdiction over Choice Motor Car because it is organized under the laws of this state and regularly conducts business in this state.

7. This Court has jurisdiction over Sensible because it regularly conducts business in this state by accepting assignment of retail installment sales contracts from Connecticut motor vehicle dealerships.

8. Venue in this Court is proper because the Plaintiff and Defendants are Connecticut residents and the transaction alleged herein occurred in this state.

## II.   ALLEGATIONS OF FACT

9. On or about December 22, 2017, Plaintiff traveled to Choice Motor to look at a 2013 Nissan Centra ("the Vehicle") that she had seen the advertised by Choice Motor online.

10. Choice Motors' online advertisement stated that the Vehicle's "motor and transmission operate beautifully and smooth."  The advertisement stated that the Vehicle drove well and was safety inspected by Choice Motor's ASE certified technicians.  It further stated that the Vehicle's mileage was 107,569.

11. A Choice Motor salesperson known as Paul Ciarcia showed Plaintiff the Vehicle and told her that the vehicle was in very good condition, free of mechanical problems and able to provide her safe and reliable transportation.  He started the Vehicle for her and said, "See?  It runs great. Everything's good.  Everything's perfect."

12. Choice Motor told Plaintiff that she could only get a loan for the Vehicle if she also purchased an extended service contract from them as part of the sale.

13. The Plaintiff agreed to purchase an extended service contract and Choice Motor arranged for Plaintiff to finance her purchase of the Vehicle at an APR of 19%.

14. Plaintiff gave Choice Motor a $1,600.00 down payment and purchased the Vehicle pursuant to a purchase order and retail installment contract prepared by Choice Motor.

15. The purchase order, retail installment contract, invoice and odometer statement prepared by Choice Motor all stated that the Vehicle's mileage was 107,580.

16. Choice Motor assigned Plaintiff's retail installment contract to Sensible, the present holder of the contract.

17. The purchase order and retail installment contract included a charge of $1,655.00 for an extended service contract.

18. The purchase order and retail installment contract included a charge of $395.00 for GAP insurance even though Plaintiff neither requested nor desired this item.

19. Choice Motor did not provide Plaintiff with copies of the Purchase Order, Invoice, Retail Installment Contract or Buyer's Guide at the time of signing.

20. At the time of purchase, Choice Motor told Plaintiff that she could not take the Vehicle home that day because it needed to perform a safety inspection on the Vehicle.

21. When Choice Motors delivered the Vehicle to the Plaintiff, she immediately noticed that the Vehicle ran rough and had difficulty changing gears.

22. Plaintiff immediately returned to Choice Motor and told them about these problems.

23. Choice Motor took the Vehicle back and assured Plaintiff that it would fully repair the Vehicle.

24. When Choice Motor returned the Vehicle to the Plaintiff, it indicated having replaced the Vehicle's transmission filter, which it determined was dirty and partially clogged.  It further

3

indicated that it flushed the transmission and replaced the transmission filter's o-ring, which was cracked.

25. Choice Motor stated that it road tested the Vehicle for ten miles after making these repairs and determined that there were no problems with the Vehicle.

26. Directly after receiving the Vehicle back from Choice Motor, Plaintiff observed that the Vehicle's problems had not been fixed as the car was still not shifting properly.

27. On the evening of December 31, 2017, the Vehicle broke down on the side of the road leaving the Plaintiff stranded.

28. Plaintiff returned the Vehicle to Choice Motor on or about January 2, 2018 for repair.

29. Choice Motor kept the Vehicle for approximately two weeks and returned it to Plaintiff stating that it had replaced the Vehicle's transmission.

30. In May, 2017, the Vehicle's transmission failed again.

31. The Plaintiff again returned the Vehicle to Choice Motor, and Choice installed another used transmission in the Vehicle.

32. Despite Choice Motor's repair attempts, the problems with the Vehicle persisted.  The Vehicle was could not shift gears properly, ran rough, and exhibited diminished power during acceleration.

33. Upon information and belief, directly prior to sale, Town Auto brought to an authorized Nissan dealership known as Crowley Nissan in Bristol, CT ("Crowley") because the Vehicle had been "bucking and surging."

34. A repair record from Crowley indicates Crowley technicians attempted to fix the Vehicle's transmission by reprogramming or "reflashing" the Vehicle's transmission control module.

35. The repair record indicates the Vehicle's mileage was 107,598 when it completed its repair attempts.

36. In its repair record, Crowley Nissan stated, "ATTEMPTED PROGRAMMING ON TCM TO SEE IF CONCERN ALLEVIATES, DOES NOT AND CONCERN REMAINS, RECC REPLACEMENT OF TRANSMISSION AT THIS TIME."

37. Crowley repair record indicates it received the Vehicle from Choice Motor on December 18, 2017 and completed repair attempts on December 22, 2017.

38. The repair record states that it was printed on December 22, 2017 at 1:36 PM.

39. Choice Motor sold the Vehicle to the Plaintiff later that day.

40. Sensible was the assignee of the Contact and, under its terms, was liable to Plaintiff for the amount she has paid.

41. Pursuant to Conn. Gen. Stat. § 52-572g, Plaintiff has made a prior written demand to Choice Motor Car which made Sensible liable to Plaintiff for her damages for an additional amount that included the unpaid balance due under the Contract as of the date that Plaintiff asserted claims against Sensible.

42. Choice Motor Car failed to provide Plaintiff with a Connecticut Department of Motor Vehicles Form K-208 at the time of purchase evidencing the results of the mandatory safety inspection used motor vehicle dealers are required to undertake prior to offering a vehicle for sale, in violation of Conn. Gen. Stat. § 14-62(g).

43. Plaintiff accepted the Vehicle because she was unaware of any defects and because she relied on Choice Motor's representations about the history and condition of the Vehicle.

44. Choice Motor knew of the damage to the Vehicle at the time of sale because the damage would be apparent and obvious to any automotive professional performing a mandatory safety

inspection.  Moreover, Choice Motor received actual knowledge of the Vehicle's transmission problems from Crowley Nissan.

45. The Vehicle contains defects to equipment and components that Choice Motor Car was required to inspect before offering the Vehicle for sale pursuant to Conn. Gen. Stat. § 14-62(g).

46. As a result of the substantial damage, Plaintiff has lost the use of the Vehicle.  She has incurred diagnostic and repair costs and has been forced to secure and pay for alternative means of transportation.

### III.    CAUSES OF ACTION

**COUNT ONE – Truth in Lending Act (Against Choice Motor)**

47. Plaintiff hereby incorporates paragraphs 1 through 46 as if fully set forth herein.

48. TILA and its implementing regulation, Regulation Z, require that certain material disclosures be provided to consumers before completion of a loan contract. 15 U.S.C. § 1638(a)-(b), 12 CFR 1026.18.  These material disclosures include the amount financed, finance charge and annual percentage rate ("APR").

49. In the course of extending credit, Choice Motor failed to provide the Plaintiff with accurate disclosures of financial information required by TILA and Regulation Z.

50. Choice Motor Car falsely told Plaintiff that she was required to purchase an extended service contract in order to qualify for financing.

51. The $1,655.00 cost of the extended service contract was a cost related to the extension of credit and therefore required to be disclosed as a finance charge.

52. Choice Motor Car did not disclose cost of the extended service contract as part of the finance charge.  It included this cost as part of the amount financed.  Because of this, Plaintiff

was required to pay additional finance charges and sales tax due to the increased amount
financed.

53. As a result of including the cost of the extended service contract as part of the finance
charge, Choice Motor Car failed to accurately provide Plaintiff with required disclosures
pursuant to 15 U.S.C. § 1638(a).

54. When the cost of the extended service contract is properly treated as a finance charge, the
APR is revealed to exceed the 19% limit established by RISFA, Conn. Gen. Stat. §36a-772.

55. In addition, Choice Motor failed to accurately disclose the number of days in the first
payment period.

56. For its violations of TILA, Choice Motor Car is liable to Plaintiff for double the finance
charge, capped at $2,000.00, plus a reasonable attorney's fee.

**COUNT TWO – Retail Installment Sales Financing Act (Against Choice Motor and
Sensible)**

57. Plaintiff hereby incorporates paragraphs 1 through 46 and paragraphs 49 through 55 as if
fully set forth herein.

58. The contract to purchase the Vehicle constituted a retail installment sales contract within
the meaning of Conn. Gen. Stat. § 36a-770(c)(12), and the Plaintiff is a retail buyer within the
meaning of Conn. Gen. Stat. § 36a-770(c)(11).

59. Choice Motor's TILA violations constituted violations of RISFA pursuant to Conn. Gen.
Stat. § 36a-771(b).

60. Choice Motor's violations of RISFA were willful violations, and Sensible has retained
the benefit of the retail installment contract notwithstanding its knowledge of the violations,
thereby entitled Plaintiff to an order pursuant to Conn. Gen. Stat. § 36a-786 that there is no
entitlement to a finance charge under the retail installment contract.

**COUNT THREE – Connecticut Unfair Trade Practices Act, Conn. Gen Stat. § 42-110(b) et seq. (Against Choice Motor)**

61. The Plaintiff hereby incorporates paragraphs 1 through 46, 49 through 55, and 58 through 60 as if fully set forth herein.

62. The aforementioned actions of Choice Motor constitute unfair trade practices in violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §42-110a *et seq*, in that it engaged in actions that were immoral, unethical, oppressive and offensive to public policy.

63. Specifically, Choice Motor, acting through its duly authorized employees violated CUTPA in connection with the transaction as follows:

a.   It failed to provide Plaintiff with a copy of the Purchase Order, Retail Installment Contract and Invoice at the time of signing in violation of Conn. Gen. Stat. § 14-62(a) and a *per se* violation of CUTPA pursuant to Conn. Agency Reg. § 42-110b-28(b)(23);

b.   It failed to accurately disclose the amount financed, finance charge and annual percentage rate in violation of TILA and a *per se* violation of CUTPA pursuant to Conn. Agency Reg. § 42-110b-28(b)(23);

c.   It failed to complete a comprehensive safety inspection of the Vehicle before offering it for retail sale, or if it did conduct a safety inspection, it sold the Vehicle notwithstanding the defects, in violation of Conn. Gen. Stat. § 14-62(g), and a *per se* violation of CUTPA pursuant to Conn. Agency Reg. § 42-110b-28(b)(23);

d.   It failed to provide Plaintiff, at the time of sale, with a copy of Connecticut DMV form K-208, evidencing the results of the comprehensive safety inspection used car dealers are required to complete before offering a vehicle for retail sale, in violation of Conn. Gen. Stat. § 14-62(g), and a *per se* violation of CUTPA pursuant to Conn. Agency Reg. § 42-110b-28(b)(23);

e.   It failed to provide Plaintiff with a copy of the Vehicle's Buyers Guide at the time of purchase in violation of the federal Used Motor Vehicle Rule, 16 C.F.R. § 455.3, and a *per se* violation of CUTPA pursuant to Conn. Agency Reg. § 42-110b-28(b)(23);

f.   It charged Plaintiff for GAP insurance coverage that she did not ask for or desire;

g.   It sold Plaintiff a vehicle that was not fit for its ordinary purpose or in condition for legal operation on Connecticut roads in violation Conn. Gen. Stat. § 14-62(g), and a *per se* violation of CUTPA pursuant to Conn. Agency Reg. § 42-110b-28(b)(23);

h.   It failed to provide written disclosure of unrepaired defects in violation of Conn. Gen. Stat. § 14-62(g), and a *per* se violation of CUTPA pursuant to Conn. Agency Reg. § 42-110b-28(b)(23);

i.   It made false, misleading and deceptive statements to the Plaintiff about the condition and history of the Vehicle, in violation of Conn. Gen. Stat. § 42-225(a), and a *per* se violation of CUTPA pursuant to Conn. Agency Reg. § 42-110b-28(b)(23);

j.   It failed to list promised repairs in writing and attach a copy of the list to the Contract and incorporate said list into the Contract in violation of Conn. Gen. Stat. § 42-225(c), and a *per* se violation of CUTPA pursuant to Conn. Agency Reg. § 42-110b-28(b)(23);

k.   It falsely represented, both orally and in writing on purchase and title documents that the Vehicle had a lower mileage at the time of sale than was actually the case.

l.   It falsely advertised the Vehicle as having a motor and transmission that ran beautifully and smooth in violation of Conn. Agency Reg. § 42-110b-28(b)(17), and a *per* se violation of CUTPA pursuant to Conn. Agency Reg. § 42-110b-28(b)(23);

64. As a result of the aforedescribed conduct, Plaintiff has suffered an ascertainable loss. Choice Motor Car is liable to Plaintiff for her damages, punitive damages, and costs and attorney's fees.

**COUNT FOUR - Breach of Express Warranty Pursuant to Conn. Gen. Stat. § 42a-2-313 (As to Choice Motor)**

65. Plaintiff hereby incorporates paragraphs 1 through 46 as if fully set forth herein.

66. Plaintiffs are "buyers" as defined in Conn. Gen. Stat. § 42a-2-103(1)(a) and § 42a-2-313(1) respectively.

67. Affordable Motors is a "seller" and "merchant" pursuant to Conn. Gen. Stat. § 42a-2-313(1) and § 42a-2-104(1) respectively.

68. The Vehicle is a "good" as defined in Conn. Gen. Stat. § 42a-2-105.

69. The Vehicle was subject to express warranties, as defined in Conn. Gen. Stat. § 42a-2-313 running from Affordable Motors to the Plaintiff.

70. Choice Motor made representations and affirmations of fact about the condition of the Vehicle that the Plaintiff relied on and which became a part of the basis of the bargain.  Those representations and affirmations of fact constituted express warranties pursuant to Conn. Gen. Stat. § 42a-2-313 and cannot be waived by operation of Conn. Gen. Stat. § 42-224(c).

71. Choice Motor Car represented to the Plaintiff that the Vehicle was in excellent condition, would provide safe and reliable transportation, and was in condition for legal operation on any highway of this state.

72. Choice Motor breached the express warranty because the Vehicle had significant engine problems at the time of sale to the Plaintiff.

73. Some or all of Choice Motor's breaches of express warranty were tortious in nature, in bad faith, were wanton and malicious, outrageous, and were undertaken with bad motive and

with a reckless indifference to Plaintiff's interests and the injury that she sustained, entitling her to common law punitive damages.

**COUNT FIVE – Fraudulent Misrepresentation (As to Choice Motor)**

74. Plaintiff hereby incorporates paragraphs 1 through 46 as if fully set forth herein.

75. Choice Motor has made false and fraudulent representations to Plaintiff regarding the Vehicle.

76. Specifically, Choice Motor misrepresented the existence, nature and extent of defects present in the Vehicle at the time of sale.

77. Choice Motor falsely represented to the Plaintiff that the Vehicle was in merchantable condition and also misrepresented the serious nature of defects present in the Vehicle at the time of sale.

78. Choice Motor made untrue statements about having repaired the Vehicle's defects.

79. Choice Motor knew or should have known that the aforementioned representations were false and it made them with the intent that the Plaintiff rely on them.

80. The Plaintiff justifiably relied on Choice Motor's representations and as a result, she has suffered significant harm, including but not limited to purchasing a car that was not roadworthy, worth substantially less than she bargained for and which she has been forced to spend money inspecting and repairing and based on loss of use of the Vehicle.

81. Choice Motor Car is liable for Plaintiff's damages, including common law punitive damages.

**COUNT SIX – Negligent Misrepresentation (Against Choice Motor)**

82. Plaintiff hereby incorporates paragraphs 1 through 46 as if fully set forth herein.

83. Choice Motor Car has made false representations to the Plaintiff regarding the Vehicle.

11

84. Specifically, Choice Motor Car misrepresented the existence, nature and extent of defects present in the Vehicle at the time of sale.

85. Choice Motor Car falsely represented to the Plaintiff that the Vehicle was in merchantable condition and also misrepresented the serious nature of needed repairs that it promised to make before delivering a fully roadworthy Vehicle to her.

86. Choice Motor Car made untrue statements about having repaired the Vehicle's defects.

87. Choice Motor Car knew or should have known that the aforementioned representations were false and it made them with the intent that the Plaintiff rely on them.

88. The Plaintiff justifiably relied on Choice Motor Car's representations and as a result, she has suffered significant harm, including but not limited to purchasing a car that was not roadworthy, worth substantially less than she bargained for and which she has been forced to spend money inspecting and repairing and based on loss of use of the Vehicle.

89. Choice Motor Car is liable for Plaintiff's damages.

90. Because the representations were made with a reckless indifference to Plaintiff's rights, Choice Motor Car is also liable for common law punitive damages.

91. Sensible is subject to these claims and to Plaintiff's defenses under the terms of the retail installment contract and pursuant to Conn. Gen. Stat. § 52-572g.

**COUNT SEVEN – Breach of Implied Warranty of Merchantability Pursuant to Conn. Gen. Stat. § 42a-2-314 (Against Town Motor and Sensible)**

92. Plaintiff hereby incorporates paragraphs 1 through 46 as if fully set forth herein.

93. A warranty that the Vehicle was in merchantable condition was implied by law in the sale of the Vehicle by operation of Conn. Gen. Stat. § 42a-2-314.

94. Choice Motor breached the implied warranty of merchantability because the Vehicle was not in merchantable condition at the time of purchase and because it would not pass in trade without objection.

95. Choice Motor has failed to cure the defects despite being given a reasonable opportunity to do so.

96. Choice Motor is liable to Plaintiff under Article 2 of the UCC for her damages.

97. Choice Motor's breaches of warranty were tortuous in nature, in bad faith, were wanton and malicious, and were undertaken with bad motive and with a reckless indifference to Plaintiff's interests and the injury that she sustained, entitling her to common law punitive damages.

**COUNT EIGHT – Magnuson-Moss Federal Warranty Act (Against Choice Motor)**

98. Plaintiff hereby incorporates paragraphs 1 through 1 through 47, paragraphs 49 through 56 and 83 through 88 as if fully set forth herein.

99. The Vehicle is a consumer product as that terms is defined in 15 U.S.C. § 2301(1) of the MMWA.

100. Plaintiff is a "consumer" pursuant to 15 U.S.C. § 2301(3).

101. Town Motor is a warrantor, as that term is defined in § 2301(5) of the MMWA.

102. Town Motor entered into an extended service contract with the Plaintiff within 90 days of the purchase of the Vehicle. As a result, the implied warranty of merchantability applies to the sale of this Vehicle.

103. Town Motor's breaches of contract were tortuous in nature, and they were undertaken with bad motive and with a reckless indifference to Plaintiff's interests and the injury that she sustained.

104. Choice Motor failed to comply with its obligations under the implied warranty of merchantability, and is liable to the Plaintiff for her damages, reasonable attorney's fees, and costs pursuant to 15 U.S.C. § 2310(d).

**COUNT NINE – Liability as Holder of Contract (Against Sensible Auto Lending)**

105. Plaintiff hereby incorporates paragraphs 1 through 46 as if fully set forth herein.

106. Under the terms of the retail installment contract, Sensible is liable to the Plaintiff, limited to the amounts paid under the contract and, in light of the fact Sensible was notified of Plaintiff's claims on or about November 19, 2018, its liability is extended to include the unpaid balance of the contract pursuant to Conn. Gen. Stat. § 52-572g.

107. Plaintiff is entitled to an order that she has no liability under the retail installment contract.

108. Sensible is liable to Plaintiff for her damages, including common law and statutory punitive damages, plus attorney's fees.


WHEREFORE, the Plaintiff seeks actual damages, statutory damages, common law punitive damages, statutory punitive damages, an order rescinding the sale, attorney's fees and costs.


PLAINTIFF, VALERIE CASTRO

By: /s/ Jesse C. Clark
Jesse C. Clark, ct27448
Churchill Law Group, LLC
543 Prospect Avenue
Hartford, CT 06105
Tel. (860) 836-7881
Fax (860) 232-8833
Jclark@churchillct.com